UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MAHMOUD RAHIM, M.D.,

       Defendant.

_____/

Case No. 16-CR-20433

Honorable Nancy G. Edmunds

**OPINION AND ORDER RE. DEFENDANT'S MOTION FOR JUDICIAL
RECOMMENDATION FOR HOME CONFINEMENT BASED ON THE COVID-19
PANDEMIC [135]**

Defendant Mahmoud Rahim, M.D., is currently in the custody of the Federal Bureau of Prisons (FBOP) at Morgantown Federal Correctional Institute. (ECF no. 135.) Pending before the Court is Defendant's motion for judicial recommendation for home confinement based on the COVID-19 pandemic. (ECF no. 135.) The government filed a response. (ECF no. 136.) For the reasons set forth below, the Court will deny without prejudice Defendant's motion yet the Court has no objection to the FBOP granting Defendant the placement he requests.

On September 7, 2017, a jury convicted Defendant of the five counts charged against him: one count of conspiracy to commit health care fraud and wire fraud, one substantive count of wire fraud, one count of conspiracy to pay and receive health care kickbacks and two substantive counts of receipt of kickbacks. (ECF nos. 73, 104.) The Court sentenced Defendant to be imprisoned for a term of 72 months (serving concurrent sentences), followed by a two-year term of supervised release. (ECF nos. 104, 198.) The Court entered

1

a judgment on February 14, 2018. (ECF no. 104.) At the time of the Government's response, Defendant had served approximately 14 months of his 72-month sentence. (Government's Response 2, ECF no. 136.) Defendant alleges he is due for release on March 8, 2024. (ECF no. 135.) Defendant files the instant motion asking for the Court's recommendation that he be placed in home confinement pursuant to 18 U.S.C. § 3624(c)[1].

This motion takes places against the backdrop of a pandemic unprecedented in our lifetimes. The prison system has not been exempt from concerns or cases of COVID-19 within its population. Under the Second Chance Act, the FBOP may place prisoners at the end of their prison terms "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *See* 18 U.S.C. § 3624(c)(2). Defendant has included a memorandum from the United States Attorney General to the Director of the Bureau of Prisons, including a memorandum directing the FBOP to review inmates with COVID-19 risk factors for their suitability for home confinement. (Memorandum for Director of Bureau of Prisons from the Attorney General, April 3, 2020, Def.'s Mot. Ex. A, ECF no. 135-1.) Defendant alleges that his ailments, which include diabetes, hypertension and chronic obstructive airway disease (COPD), put him at higher risk to contract COVID-19 and pass it on to other inmates. (Def.'s Mot. ¶¶ 7, 8, ECF no. 135.) Defendant also notes that he is a first-time offender with no prior criminal record and that he is a non-violent offender. (Def.'s Mot. ¶¶ 11, 12, ECF no. 135.)

Defendant would not typically be eligible at this time for home confinement under 18 U.S.C. § 3624 based on his time served to date. Yet the recent Coronavirus Aid, Relief,

---

[1]Defendant cites to 18 U.S.C. § 3642(c) in his motion, yet this appears to be an error and the request is pursuant to 18 U.S.C. § 3624(c).

and Economic Security Act ("CARES Act") section 12003, enacted March 27, 2020, temporarily permits the Attorney General to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." CARES Act § 12003(b)(2). The FBOP makes such determinations based in part on the factors set forth in 18 U.S.C. § 3621(b). *See* 18 U.S.C. § 3624(c)(4); *Sacora v. Thomas*, 628 F.3d 1059, 1067 (9th Cir. 2010). One of the factors to be considered is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). The Court's recommendation does not have a binding effect on the FBOP, which has "plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' . . . ." *Tapia v. United States*, 564 U.S. 319, 331 (2011). The FBOP, "not the court, is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 Fed. Appx. 373, 378 (6th Cir. 2015) (citing 18 U.S.C. § 3621(b). The CARES Act did not expand the Court's authority in this regard. The Court notes that there is disagreement among courts whether the Court has authority to make such a recommendation after it enters judgment. *See generally Carter v. United States*, 2018 WL 2376513, at *2-3 (E.D. Wisc. May 24, 2018) (summarizing courts' wide-ranging views as to whether the court has authority to make prison placement and programming recommendations on a prisoner's post-sentencing motion). Further, any recommendation from the sentencing court is non-binding on the FBOP and is usually made at the time judgment is entered. *See* 18 U.S.C. § 3621(b).

The Court concludes that the FBOP is in the best position to evaluate whether Defendant qualifies for placement in home confinement in light of the new circumstances

3

surrounding the pandemic. For these reasons, the Court does not make a recommendation to the FBOP and Defendant's motion is denied without prejudice. Notwithstanding the foregoing, the Court has no objection to the FBOP granting Defendant the placement he requests.

      SO ORDERED.


                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated:  April 29, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2020, by electronic and/or ordinary mail.

                    s/Lisa Bartlett
                    Case Manager