**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAHMOUD RAHIM, M.D.,

    Defendant.
_____/

Case No. 16-20433

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S EMERGENCY
MOTION FOR COMPASSIONATE RELEASE**

Pending before the Court is Defendant's Emergency Motion for Compassionate Release. (ECF No. 138.) Defendant requests that pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(I) the Court convert the remainder of his sentence to a term of supervised release with a condition of home confinement. Defendant contends his age and health condition constitute extraordinary and compelling circumstances justifying this relief in the wake of the COVID-19 pandemic. The government opposes the requested relief and has filed a response. (ECF No. 140.) The Court has reviewed the record in its entirety and finds that a hearing on this matter is not necessary. For the reasons set forth below, the Court **GRANTS** Defendant's motion.

    **I.    BACKGROUND**

On September 7, 2017, a jury convicted Defendant of the five counts charged against him: one count of conspiracy to commit health care fraud and wire fraud, one substantive count of wire fraud, one count of conspiracy to pay and receive health care kickbacks and two substantive counts of receipt of kickbacks. Defendant's convictions are related to a scheme in which Defendant and others submitted false and fraudulent

1

claims to Medicare. Defendant is a medical doctor. According to the Government, Defendant and his co-conspirators engaged in a scheme to defraud Medicare of more than $10 million over the course of several years.

The Court sentenced Defendant to be imprisoned for a term of 72 months (serving concurrent sentences), followed by a two-year term of supervised release. (ECF Nos. 104, 198.) On January 28, 2019, Defendant began serving his sentence at FCI Morgantown. His projected release date is March 8, 2024.

Defendant is 67 years old. Defendant claims to suffer from a myriad of health conditions, including COPD (chronic obstructive airway disease), diabetes, hypertension, coronary artery disease, prostatic hypertrophy, and congestive heart failure. He currently alternates between two inhalers and takes several medications to treat his conditions. Defendant contends this combination of conditions places him in the COVID-19 highest-risk category.

On March 24, 2020, Defendant made an electronic request to the warden of FCI Morgantown for home confinement due to the COVID-19 pandemic. On April 6, 2020, Defendant made an electronic request to his unit manager for home confinement due to the COVID-19 pandemic. On April 15, 2020, Defendant made an electronic request to both the warden and unit manager for home confinement due to the COVID-19 pandemic. On April 21, 2020, Defendant contacted the warden and expressly requested compassionate release. On May 7, 2020, the warden denied Defendant's requests for compassionate release.

**II.     ANALYSIS**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) *extraordinary and compelling reasons warrant such a reduction* ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) therefore requires that a defendant must satisfy both the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.

In his motion, Defendant claims he has satisfied the exhaustion requirement and that his age and health conditions in the wake of the COVID-19 pandemic are extraordinary and compelling circumstances warranting compassionate release under § 3582(c). The Government does not dispute that Defendant has exhausted the statutory prerequisites for seeking this relief. But the Government maintains Defendant has failed to establish extraordinary and compelling circumstances warranting his release. The Government argues that Defendant's medical condition, which has not significantly changed since the time of his sentencing, does not justify compassionate release. And the Government contends that notwithstanding his underlying medical conditions,

3

Defendant is at no greater risk of contracting COVID-19 than any other inmate. The Court disagrees the Government's position under the facts and circumstances presented here.

Although the sentence imposed on Defendant was just, the Court holds that the threat posed by COVID-19, in light of Defendant's age and his underlying health conditions, constitutes an extraordinary and compelling reason to modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(I). As stated by the *Zukerman* court, "[t]he severity of [Defendant]'s conduct remains unchanged. What has changed, however, is the environment where [Defendant] is serving his sentence. When the Court sentenced [Defendant], the Court did not intend for that sentence to 'include incurring a great and unforeseen risk of severe illness or death' brought on by a global pandemic." *Zukerman*, 2020 WL 1659880, at *6 (citing *United States v. Rodriguez*, 2020 WL 1627331, at *12 (E.D. Pa. Apr. 1, 2020)).

The United States Sentencing Commission has defined "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13, comment n.1. There are extraordinary and compelling reasons for modification where "[t]he defendant is ... suffering from a serious physical or medical condition ... that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).

In this case, Defendant's age, together with his COPD, hypertension, diabetes, among other ailments, and the threat of COVID-19, satisfy that requirement. According to the World Health Organization, the populations most at risk of suffering severe health risks from COVID-19 are "older people, and those with underlying medical problems like cardiovascular disease [and] cancer." *See United States v. Saad*, No. 16-20197, 2020

4

WL 2251808, at *6 (E.D. Mich. May 5, 2020) (discussing Coronavirus, World Health Organization (Apr. 27, 2020), https://www.who.int/health-topics/coronavirus#tab=tab_1). And according to the United States Center for Disease Control, persons over the age of 65 and individuals of any age who have serious underlying medical conditions, including serious lung conditions like COPD. *See* People Who Are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention (May 20, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

Defendant is among those persons most at risk. Data released by the CDC indicates that approximately 80% of deaths from COVID-19 in the United States occur in individuals age 65 or older and that the fatality rate for individuals aged 65 to 84 could be as high as 11 percent. Severe Outcomes Among Patients with Coronavirus Disease 2019 (COVID-19) – United States, February 12 – March 16, 2020, Centers for Disease Control and Prevention (Mar. 26, 2020), https://www.cdc.gov/mmwr/volumes/69/wr/mm6912e2.htm. The Court agrees with the Government that Defendant's risk of exposure to COVID-19 is the same as any other defendant housed at FCI Morgantown. But it is the heightened risk of severe illness or death faced by this particular Defendant if or when he inevitably comes in contact with the virus that creates the extraordinary and compelling circumstances here. *See United States v. Pomante*, No. 19-20316, 2020 WL 2513095, at *6 (E.D. Mich. May 15, 2020).

Courts within this district and elsewhere have held that compassionate release is justified under similar conditions. *See Saad*, 2020 WL 2251808, at *6 (listing cases and finding extraordinary and compelling reasons warranting compassionate release for

5

seventy one year old defendant with serious underlying health conditions including chronic kidney disease, hypertension, and diabetes serving sentence for non-violent conviction at FCI Milan); *Pomante*, 2020 WL 2513095, at *7 (finding extraordinary and compelling reasons warranting compassionate release for sixty-nine-year-old defendant with serious underlying pre-existing medical questions, including chronic kidney disease, hypertension, obesity, and diabetes serving sentence for non-violent conviction at FCI Morgantown); *United States v. Al-Jumail*, No. 12-20272, 2020 WL 2395224, at *1 (E.D. Mich. May 12, 2020) (finding extraordinary and compelling reasons warranting compassionate release for sixty year old defendant with serious underlying health conditions including coronary arterial disease, diabetes, and retinal disease serving sentence for non-violent conviction at FCI Fort Dix); *United States v. Reddy*, No. 13-CR-20358, 2020 WL 2320093, at *1 (E.D. Mich. May 11, 2020) (finding extraordinary and compelling reasons warranting compassionate release for seventy three year old defendant with serious underlying health conditions including diabetes, hypertension, and various orthopedic and pain related problems serving sentence for non-violent conviction).

The Court recognizes and acknowledges the Government's argument that FCI Morgantown currently has zero confirmed cases of COVID-19. But the Court is not persuaded that a lack confirmed cases alone is a compelling reason not to grant relief if a defendant otherwise qualifies. *See Pomante*, 2020 WL 2513095, at *4. And the Court is persuaded by Defendant's use of *United States v. Amarrah*, case No. 5:17-cr-20464, R.E. 196, Pg.ID 4584-4585 (May 7, 2020). In *Amarrah*, Judge Levy acknowledges that "zero *confirmed* COVID-19 cases is not the same thing as zero COVID-19 cases." *Id.* at

4584. Judge Levy continues by discussing the BOP's recent testing surge, which revealed that 70% of inmates tested in federal prisons had Coronavirus. *See Pomante*, 2020 WL 2513095, at *6 (discussing *Amarrah*). In fact, the BOP acknowledged that it expects the number of confirmed cases to rise as testing increases. *Id.*

Finally, the Court finds that consideration of the factors set forth in § 3553(a) weighs in favor of granting the requested relief. The nature and circumstances of Defendant's offense are serious, and that one factor could conceivably weigh against granting compassionate release. See § 3553(a)(1). But the Court finds that releasing Defendant to home confinement at this point and under these circumstances would be consistent with the other § 3553(a) factors, and the Court concludes that those factors outweigh the seriousness-of-offense factor.

Defendant's most relevant personal characteristic is his health and vulnerability to COVID 19. This factor weighs in favor of release. Similarly, the statutory goal of imposing punishment would be satisfied by releasing Defendant to home confinement now. Defendant has served meaningful time in prison and will continue to bear additional restrictions on his liberty through home confinement.

The Court further finds that releasing Defendant under these unusual circumstances—his poor health and the COVID-19 pandemic—will not undermine the goal of general deterrence. Moreover, there is no evidence that Defendant poses a continued danger to the community and releasing Defendant to home confinement will not subject the public to greater risk. And Defendant's release will not produce unwarranted sentencing disparity because it accounts for his unique medical conditions in consideration of the COVID-19 pandemic. Thus granting the requested relief is consistent with and supported by the § 3553(a) factors.

### III. CONCLUSION

Accordingly, for the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **GRANTED**. The custodial portion of Defendant's sentence is reduced to time served, and the Court imposes a new term of supervised release equal to the unserved portion of the original term of imprisonment (as calculated by the BOP). Following the completion of this newly imposed term of supervised release, Defendant shall begin serving the two-year term of supervised release that the Court imposed in Defendant's original Judgment.

It is further ordered that unless Defendant has been in a segregated special unit for high-risk prisoners for more than 14 days where no inmate has tested positive or shown symptoms of COVID-19 within the past 14 days, the Court orders Defendant to self-quarantine within his home when he begins home confinement. Defendant shall serve the new term of supervised released under home confinement and shall not leave his residence other than for medical appointments and appointments with counsel. While on supervised released, Defendant shall be subject to electronic location monitoring to commence as soon as the Probation Department can safely install the necessary electronic monitoring equipment and upon such other considerations as the Probation Department deems necessary. Defendant must contact the Probation Department within twenty- four (24) hours of release from BOP custody to schedule an appointment.

Defendant's original sentence remains unchanged in all other respects.

**SO ORDERED.**

       <u>s/Nancy G. Edmunds</u>
       Nancy G. Edmunds
       United States District Judge

Dated: May 21, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 21, 2020, by electronic and/or ordinary mail.

       <u>s/Lisa Bartlett</u>
       Case Manager