UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 16-20433

v.                                            Honorable Nancy G. Edmunds

MAHMOUD RAHIM, M.D.,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [145]**

On September 7, 2017, a jury convicted Defendant Mahmoud Rahim, M.D., of conspiracy to commit health care fraud and other related charges. (ECF No. 73.) The Court sentenced Defendant to a term of imprisonment of 72 months to be followed by a two-year term of supervised release. (ECF No. 104.) The matter is before the Court on Defendant's Motion for Early Termination of Supervised Release. (ECF No. 145.)

Defendant began serving his prison sentence on January 18, 2019, but remained incarcerated for little more than 15 months before this Court ordered he be released pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i). (*See* ECF No. 141.) Along with its order granting Defendant's motion for compassionate release, the Court entered an Amended Judgment in which it reduced Defendant's term of imprisonment to time-served. (ECF No. 144.) The Court also imposed a new term of supervised release equal to the unserved portion of the original term of imprisonment, calculated by the Bureau of Prisons to end on March 8, 2024. (*Id.*) Following completion

1

of this newly imposed term of supervised release, the Court ordered that Defendant begin serving the two-year term of supervised release originally imposed at sentencing. (*Id.*)

On October 11, 2021, Defendant filed the present motion in which he requests the Court order his early termination of supervised release. (ECF No. 145.) As the basis for his motion, Defendant argues that the Court found Defendant does not pose a danger to the community in its Order Granting Defendant's Motion for Compassionate Release. Defendant also states he has no instances of non-compliance since his compassionate release and that his restitution has been paid in full. Accordingly, Defendant argues, "there seems to be no reason for the Probation Department to have to continue to supervise Defendant until 2026." (ECF No. 145, PageID.2487.)

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Additional factors the Court considers are the sentencing factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* § 3583(e). Early termination "is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). However, "[s]imple compliance with the conditions of supervised release are [sic] expected and not exceptional . . . ." *United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010); *see also United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (noting that even though the defendant's "post-incarceration conduct is apparently

unblemished, this alone cannot be sufficient reason to terminate the supervised release since, it if it were, the exception would swallow the rule").

Here, the Court finds that there are no changed circumstances that warrant early termination of Defendant's supervised release. The Court imposed a 72-month term of imprisonment of which Defendant served only a small portion. Moreover, Defendant has served a mere 19 months of his roughly six-year amended term of supervised release. While the Court commends Defendant for paying his restitution in full and complying with the terms of supervised release, this is not sufficient for early termination of Defendant's term of supervised release.

Based upon the foregoing, and having considered this matter in its entirety, Defendant's motion for early termination of supervised release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 14, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 14, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager